J-S08018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :          PENNSYLVANIA
                                         :
                 v.                            :
                                         :
                                         :
JOHN MICHAEL JOHNSON           :
                                         :
               Appellant           :     No. 859 MDA 2020

Appeal from the PCRA Order Entered June 4, 2020,
in the Court of Common Pleas of Bradford County,
Criminal Division at No(s): CP-08-CR-0000594-2015.

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:           **FILED JUNE 29, 2021**

John Michael Johnson appeals from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows: The Commonwealth charged Johnson with burglary, conspiracy, and related charges after he and his cousin cut through a security fence, entered a commercial property, and took copper wire to sell for scrap. The copper the men took was valued at $ 2,000.00, and their method of entry caused damages in the amount of $ 5,000.00. Johnson was found guilty of all charges at the conclusion of a bench trial. Thereafter, the trial court sentenced him to

_____

[*] Former Justice specially assigned to the Superior Court.

an aggregate term of two to six years of imprisonment. Johnson did not file a direct appeal.

On April 13, 2017, Johnson filed a timely *pro se* PCRA petition. Thereafter, the PCRA court appointed counsel. PCRA counsel filed an amended PCRA petition, in which Johnson claimed the trial court erred in failing to recuse from his bench trial, as well as multiple claims of ineffective assistance of trial counsel. Evidentiary hearings were held on February 19, 2019, and August 19, 2019. Thereafter, the parties submitted briefs. By order entered June 4, 2020, the PCRA court denied Johnson's PCRA petition. This timely appeal followed. Both Johnson and the PCRA court have complied with Pa.R.A.P. 1925.

Johnson raises the following issues on appeal:

1. Did the trial judge [err] in not recusing herself from the case at issue, given that (1) the District Attorney who prosecuted that case is the first cousin of the [trial] judge and the public defender [] who represented [Johnson]; (2) the public defender is the first counsel of the [trial] judge also, and the (3) [sic] trial was a non-jury trial conducted by said [trial] judge?

2. Was [Johnson's] trial [counsel] ineffective in not seeking to have the trial judge in the case at issue recuse herself from said case given that (1) the District Attorney who prosecuted the case is the first cousin of the trial judge; (2) the public defender who represented [Johnson] also is the first cousin of the trial judge and the said public defender and the District Attorney are first cousins and (3) the trial was a non-jury trial?

Johnson's Brief at 3 (excess capitalization omitted).

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*) (citations omitted).

In his first issue, Johnson asserts that the trial judge erred in failing to recuse herself from his bench trial. This claim is waived under the PCRA because Johnson could have, but did not, raise it on direct appeal. *See* 42 Pa.C.S.A. § 9544(b). Thus, we need not address it further.

In his remaining claim, Johnson asserts that trial counsel was ineffective for failing to file a recusal motion based upon the familial relationship between the trial judge and the attorneys participating in his bench trial. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is

- 3 -

of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Johnson's November 18, 2016 bench trial was presided over by the Honorable Maureen T. Beirne. Conflicts counsel, Patrick Beirne, Esquire, represented Johnson. District Attorney Daniel Barrett, Esquire represented the Commonwealth. All three of these individuals are first cousins to each other. In support of his ineffectiveness claim, Johnson argues:

> Because the public defender representing [him] failed to seek to have the trial judge recuse herself, given the aforementioned relationships, [Johnson's] trial [counsel] was ineffective and prejudice needs to be presumed as a result of which [Johnson's] right to an effective trial [counsel] under the Sixth Amendment of the United States Constitution was violated.

Johnson's Brief at 12-13 (excess capitalization omitted). According to Johnson, "The case was a family affair and [he] was the invited guest." *Id.* at 23.

The standard of review concerning the recusal of judges is as follows:

> Our standard of review of a trial court's determination not to recuse from hearing a case is exceptionally deferential. We recognize that our trial judges are honorable, fair, and competent, and although we employ an

- 4 -

abuse of discretion standard, we do so recognizing that the judge [herself] is best qualified to gauge [her] ability to preside impartially.

The party who asserts that the trial judge should recuse bears the burden of setting forth **specific** evidence of bias, prejudice, or unfairness. Furthermore, a decision by the trial court against whom the plea of prejudice is made will not be disturbed absent an abuse of discretion.

**Commonwealth v. Postie**, 110 A.2d 1034, 1037 (Pa. Super. 2015) (citations omitted; emphasis added).

The PCRA court, who also presided at Johnson's trial, concluded that trial counsel cannot be found ineffective because his claim lacked arguable merit. The court first found that Johnson did not meet his burden of establishing a basis for recusal:

A party that seeks recusal of a judge bears the burden "to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." **Commonwealth v. Abu-Jamal**, [720 A.2d 79, 89 Pa. 1998)]. Significantly, [Johnson] has proffered no example of trial court bias evident in the underlying case. There is no allegation that the trial court made an erroneous ruling.

PCRA Court Opinion, 8/26/20, at 3.

In addition, citing the Pennsylvania Code of Judicial Conduct, the PCRA court determined that she was not required to recuse because her first cousins were litigating the case before her:

Rule 2.11 of the Code of Judicial Conduct provides "(A) a judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might [reasonably] be questioned . . ." Code of Judicial Conduct, Rule 2.11(A). [Johnson] points to the fact that this jurist is first cousins

> with both the prosecuting District Attorney and [trial] counsel who are also first cousins to each other. Such relationship does not require recusal. A judge is prohibited from presiding over a case in which a person, "within the third degree of relationship" to the judge is acting as a lawyer in the proceeding. Pa. Code of Jud. Conduct 2.11(A)(2)(b). The Pa. Code of Jud. Conduct defines "third degree relationship" as, "great-grandparent, grandparent, parent, uncle, aunt, brother, sister, child, grandchild, great-grandchild, nephew, and niece." *Id.* at Terminology. Thus, the undersigned jurist was not required to recuse herself.

*Id.* at 3-4. Finally, in rejecting Johnson's claim, the trial court incorporated a prior opinion, prepared by another county jurist, who presided over a similar recusal motion, which involved Judge Beirne, Attorney Beirne, and District Attorney Daniel Barrett. The PCRA court noted that, in that case the trial judge concluded the familial relationships of these individuals did not create an "appearance of impartiality." *See id*. at 4 (citing *Commonwealth v. Cosgrove*, 08CR0000785-2007)).

Our review of the record and the applicable law supports the PCRA court's conclusion.[1] In arguing to the contrary, Johnson does not cite any cases requiring recusal based upon familial relationships. Rather, to support his claim of partiality or an appearance thereof, he cites federal cases wherein the recusal issue was based upon other factors, such as the jurist's previous

---

[1] Although not necessary, the PCRA court further concluded that trial counsel had a reasonable basis for not seeking recusal and that Johnson failed to establish prejudice. Both conclusions are amply supported by our review of the record. Moreover, Johnson cites no case law for his contention that the ineffectiveness at issue constituted "structural error," such that prejudice should be presumed. Johnson's Brief at 25.

participation in the prosecution of the defendant, or that the jurist received major campaign contributions from a defendant. **See** Johnson's Brief at 14-22.

Moreover, although Johnson complains that "[t]he record does not develop details of the [District Attorney's] relationship with [the public defender] and the [trial judge]," Johnson's Brief at 24, it was Johnson's burden to provide "specific evidence of bias, prejudice, or unfairness." **Postie**, **supra**. Johnson further acknowledges the limited contact and/or relationship between the trial judge and the public defender. **See id.** We note, however, this testimony came at the conclusion of the evidentiary hearing and only appears of record following the trial judge's questioning the public defender. **See** N.T., 8/19/19, at 62-63.

In sum, because the PCRA court properly concluded that Johnson's ineffectiveness claim lacked arguable merit, we affirm the order denying Johnson post-conviction relief.

Order affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/29/2021